UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAVID M. BENNETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00387-JRS-DLP |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Petition for a Writ of Habeas Corpus and
Denying Motion for *Nunc Pro Tunc* Designation**

Petitioner David M. Bennett, a current inmate of the Federal Correctional Institution at Terre Haute, Indiana ("FCI Terre Haute"), brings this action pursuant to 28 U.S.C. § 2241 alleging that his sentence has been incorrectly calculated. Specifically, Bennett asserts that he has not been properly awarded sentence credit for time he spent in state custody. For the reasons explained below, Bennett's § 2241 petition and his motion for *nunc pro tunc* designation, dkt. [9], are **denied**.

## I. Background

On July 25, 2016, while on parole for a prior offense, Bennett was arrested by Indiana state authorities and charged with Dealing in Cocaine (Count 1), Possession of Cocaine (Count 2), Unlawful Possession of a Firearm by a Serious Violent Felon (Count 3), and Resisting Law Enforcement (Counts 4 and 5). Dkt. 7-1 at 2, 8. Bennett remained in state custody until October 5, 2016, when he was transferred to the custody of the United States Marshals Service pursuant to a writ of habeas corpus ad prosequendum. *Id*. at 2; 15. Bennett pleaded guilty to and was sentenced for a federal charge on August 16, 2017 and was returned to state custody on August 31, 2017. *Id*. at 2-3, 15. On May 2, 2019, Bennett was paroled from state custody and entered exclusive federal custody. *Id*. at 2; 15. Bennett's federal sentence was calculated to commence on May 2, 2019. *Id*.

at 3. All of the time that Bennett spent in the primary custody of Indiana state authorities from July 25, 2016 to May 1, 2019, was credited against his Indiana state sentence and not his federal sentence. *Id*.

### III. Discussion

Bennett challenges the calculation of his federal sentence. Bennett argues that he is entitled to credit against his federal sentence for the time that he spent in custody between October 5, 2016 and August 16, 2017. Dkt. 1 at 2. The respondent argues that because Bennett was given credit toward his Indiana sentence for that time, he is not entitled to receive credit against his federal sentence for this time. The Court agrees.

The Attorney General is responsible for computing the terms of imprisonment of federal prisoners for all offenses committed on or after November 1, 1987. *See United States v. Wilson*, 503 U.S. 329 (1992). The Attorney General has delegated that authority to the Bureau of Prisons. *See* 28 C.F.R. § 0.96. The computation of federal sentences is governed by 18 U.S.C. § 3585. Section 3585(b) directs that a defendant receive prior custody credit, or jail time credit, "for any time spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; (3) that has not been credited against another sentence." *See also Wilson*, 503 U.S. at 333 (final clause in Section 3585(b) permits a defendant to receive credit only for custody time that has not been credited against another sentence).

Between October 5, 2016, and August 16, 2017, Bennett was not in custody for service of the federal sentence, but rather was in federal custody on a federal writ of habeas corpus ad prosequendum. *Id.* at ¶ 6. In short, Bennett seeks credit against his federal sentence for time that

he spent in custody before his federal sentence commenced and that was credited against his Indiana sentence. *Id*. at ¶ 11. Because Bennett already received credit against his Indiana sentence for this time, the time cannot also be credited against the federal sentence. *See United States v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1998) (Bureau of Prisons properly decided not to award credit for the time served, as it would have contravened the proscription in 18 U.S.C. § 3585(b) against double crediting); 18 U.S.C. § 3585(b). Bennett therefore has failed to demonstrate any error in the calculation of his sentence by the Bureau of Prisons.

### IV. Conclusion

As discussed above, Bennett's sentence has been correctly calculated by the Bureau of Prisons and his challenge to that calculation is without merit.

"A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Bennett has not made such a showing in this case. Accordingly, his petition for writ of habeas corpus is **denied**, and the action is **dismissed with prejudice**. Consistent with this ruling, Bennet's motion for *nunc pro tunc* designation, dkt. [9], is **denied**.

**IT IS SO ORDERED.**

Date:  9/2/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

DAVID M. BENNETT
15419-028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808